UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARNELL INGRAM,

        Plaintiff,

  v.                                                          Case No. 19-C-34

ALEESHA GILLINGHAM,
ERIC GROSS,
DONNA HARRIS, and
SALLY TESS,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Darnell Ingram, who was confined at Fond du Lac County Jail at the time of filing, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Along with his complaint, Ingram filed a motion for leave to proceed without prepayment of the filing fee and a copy of his prisoner trust account statement. In an order dated January 16, 2019, the court waived the initial partial filing fee and directed Ingram to notify the court within 21 days whether he wished to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g). On February 8, 2019, instead of notifying the court of his intent to dismiss this action, Ingram filed a motion to stay the case pending his receipt of free legal advice.

      Ingram's motion to stay will be denied. Ingram chose to file this action on January 4, 2019, while he was confined in Fond du Lac County Jail, where he likely lacked access to the free legal advice he now seeks. Ingram could have waited to file his complaint until his release on January 31, 2019, or he could have notified the court of his intent to withdraw this action. Either of these

options would have allowed Ingram to obtain legal advice and modify his complaint. The fact that Ingram is not now confined and is in the process of seeking legal advice does not hold in abeyance the court's obligation to screen his complaint "as soon as practicable after docketing." 28 U.S.C. § 1915A(a). Granting a stay of this action would frustrate this obligation and would only delay this matter, especially in light of the fact that the court concludes he has stated claims against at least some of the defendants. If and when Ingram finds an attorney to assist him, he remains free to amend his complaint as long as he does not unduly delay. Ingram's motion to stay will therefore be denied and his complaint will be screened.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Although Ingram is no longer confined, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. The court previously waived the initial partial filing fee. ECF No. 8. Ingram's motion to proceed without prepayment of the filing fee will therefore be granted. Ingram is still required to pay the remainder of the fee over time as he is able.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## **ALLEGATIONS OF THE COMPLAINT**

Ingram alleges that, on November 3, 2018, he was placed in Fond du Lac County Jail "on p.o. hold due to consumption of alcohol . . . for 10 days." ECF No. 1 at 2. He alleges that supervisor Eric Gross ignored his incarceration in retaliation for a civil action Ingram filed in 2009. Ingram alleges that, on or about November 13, 2019, Gross and probation agent Aleesha Gillingham attempted to search and seize his cell phone to punish him without a court order and without proper cause. The next day, on November 14, 2019, Ingram alleges that Gillingham and Gross served him with a recommendation of revocation "due to 2 false alligation [sic] of refusal search [sic] and possession of cocaine." *Id.* at 3.

3

Ingram alleges that, on November 16, 2018, he, an older, black male, and David Bradford, a young, white male probationer, were riding in a car and were arrested. Ingram alleges that Gross released Bradford, who had a warrant for absconding his probation. Ingram, on the other hand, was held in Fond du Lac County Jail. This detention, Ingram alleges, was the result of age and race discrimination. Ingram further alleges that, on November 23, 2019, Gillingham, Gross, and Department of Corrections (DOC) Assistant Regional Chief Donna Harris "rescinded revocation and employed a 90 day sanction without huber." *Id.* Ingram alleges that his 90-day confinement was based on "fabricated alligations [sic] of possession of cocaine and refusal of search." ECF No. 10 at 1.

He alleges that the District Attorney's Office filed and later dropped criminal charges relating to his alleged possession of cocaine. He alleges that a police report confirmed that he did not possess cocaine and that Gillingham did not read the police report or otherwise investigate the allegations. He further alleges that he wrote letters regarding the deprivation of his rights to DOC staff, including Harris and Regional 7 Chief Sally Tess. He alleges that Harris responded on behalf of herself and all other defendants, stating that Ingram had "lost rights" and that the defendants "can do whatever thay [sic] wish." ECF No. 1 at 4.

Ingram alleges that he fully exhausted his administrative remedies on December 18, 2018. As a result of his alleged constitutional deprivations, Ingram seeks monetary damages and an order preventing the defendants from overseeing his probation in the future.

### THE COURT'S ANALYSIS

Ingram has stated a Fourth Amendment claim against Gross and Gillingham. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and

4

effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Subject to certain exceptions, warrantless searches and seizures are *per se* unreasonable. *See Illinois v. McArthur*, 531 U.S. 326, 330 (2001). This principle extends to searches and seizures of cell phones. *See Riley v. California*, 134 S. Ct. 2473, 2493–95 (2014). Ingram's allegation that Gross and Gillingham attempted to search and seize his cell phone without a court order and without proper cause is sufficient to state a Fourth Amendment claim. It may be the case that an exception to the Fourth Amendment later defeats Ingram's claim. *See, e.g.*, *Radunz v. Von Haden*, 286 F. App'x 314, 317 (7th Cir. 2008) (noting that a condition of probation authorizing searches of the probationer defeats the Fourth Amendment's warrant requirement); *see also United States v. Jones*, 152 F.3d 680, 686 (7th Cir. 1998) ("In the case of parolees and probationers, that expectation [of privacy under the Fourth Amendment] is significantly limited by the supervisory relationship and restrictions imposed on the individual by the State."). At this stage, however, Ingram's complaint is sufficient to state a claim, as the record is absent of any evidence that an exception applies.

Ingram has also stated a due process claim against all of the defendants. The Due Process Clause of the Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]o determine whether due process requirements apply in the first place . . . [w]e must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570–71 (1972). The right to "liberty" encompasses "freedom from bodily restraint." *Id.* at 572. Ingram alleges that he was unlawfully confined in the Jail for 90 days based upon fabricated documents that the defendants created. He also alleges that the defendants

5

took no action when he complained of his allegedly improper detention. These allegations are sufficient to state a due process claim.

Ingram has failed to state retaliation and discrimination claims against Gross. Ingram alleges that Gross ignored his incarceration in retaliation of a civil action Ingram filed in 2009. Ingram also alleges that Gross discriminated against him based on his age and race when Gross decided to confine Ingram after arresting him on November 16, 2018. These allegations are conclusory and fail to raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555 (citation omitted); *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) ("[C]onclusory allegations, without more, are insufficient to state a claim."). Regarding his retaliation claim, Ingram alleges no facts from which it can be inferred that Gross ignored his incarceration for retaliatory reasons. Indeed, Ingram alleges that Gross ignored his incarceration on November 3, 2018, the same day Ingram alleges he was placed in jail due to his consumption of alcohol, thereby suggesting that his incarceration on that date was proper or, at the very least, for reasons other than retaliation. Regarding his discrimination claim, Ingram does not allege facts that allow the court to infer that his confinement on November 16, 2018 was based on discriminatory intent. Ingram appears to suggest that he was not treated the same as a younger, white individual, but Ingram does not allege that he, like the other individual, had a warrant for absconding his probation or was otherwise in a similar circumstance such that discriminatory intent can be inferred. Without more, these allegations are insufficient to state a claim for discrimination. Ingram therefore fails to state retaliation and discrimination claims against Gross.

In sum, Ingram may proceed on his Fourth Amendment claim against Gross and Gillingham and his Fourteenth Amendment due process claim against all defendants.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is referred to Magistrate Judge Nancy Joseph for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $350.00 balance of the filing fee, over time, as he is able. The plaintiff may forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __15th__ day of February, 2019.

>  s/ William C. Griesbach
>  William C. Griesbach, Chief Judge
>  United States District Court