UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL INGRAM,

   Plaintiff,

 v.              Case No. 19-C-34

ALEESHA GILLINGHAM,
ERIC GROSS,
DONNA HARRIS, and
SALLY TESS,

   Defendants.

**ORDER**

  Plaintiff Darnell Ingram, who is confined at Fond du Lac County Jail, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court screened Ingram's complaint and allowed him to proceed on a Fourth Amendment claim against Eric Gross and Aleesha Gillingham and a Fourteen Amendment claim against all defendants. Ingram has since filed six motions, several of which are duplicative, all before the defendants have filed a responsive pleading, which is due April 22, 2019. For the reasons that follow, Ingram's motions will be denied.

  Ingram first moves for leave to amend his complaint. In this motion, Ingram clarifies that the document that was docketed as an attachment to the complaint in his other case pending before this court, Case No. 19-C-74, was intended to be part of his complaint in this case. *See* Case No. 19-C-74, ECF No. 1-1. That document concerns the actions of Sue Schwartz, whom Ingram seeks to add as a defendant in this case. In his proposed amendment to his complaint, *see* ECF No. 15-1,

Ingram alleges that he received a written statement from Schwartz that "consist [sic] of lots of intentional, malicious non-truth, created a disposition of fabricated, altered and falsified evidence to assure injury and punishment." *Id.* at 1. According to Ingram, Schwartz wrote that Ingram said "there was [sic] drugs in car," "I have not used drugs recently," and "I was not charge [sic] with a crime." *Id.* Ingram alleges that he never said these words to Ingram.

But Schwartz's statement, which is attached to Ingram's motion, contains Ingram's initials on the bottom of two pages and his signature on the bottom of a third page below the statement: "I have read/had read to me this statement consisting of 3 page(s). This statement is a true and accurate account of my whereabouts and activities." *Id.* at 2–4. These indications of Ingram's assent to the veracity of the contents of Schwartz's statement contradict his allegation of falsity. Without an allegation that he did not initial or sign the statement, Ingram's proposed amendment, aside from being incomplete in itself, *see Butts v. Kenosha Cty. Detention Ctr.*, No. 13-CV-1391, 2014 WL 1511891, at *2 (E.D. Wis. Apr. 16, 2014) (citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998)), is futile because it would not survive a motion to dismiss. *See Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011) (noting that district courts must consider whether factual allegations in a complaint are contradicted by the complaint or by attachments to the complaint in assessing whether a complaint survives dismissal); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). Ingram's motion for leave to amend his complaint will therefore be denied.

Second, Ingram has filed a motion for arrest warrant and return of property. This motion alleges that Ingram emptied the contents of his pockets, including a cell phone that he claims his mother owns, as part of a routine probation visit. ECF No. 17 at 1. Ingram alleges that Aleesha Gillingham had the phone searched, that he was arrested, and that the arresting officer told him that Gillingham said she would take the phone. *Id.* Ingram claims he later saw Gillingham at the jail and that she told him he could not have the phone. *Id.* Ingram moves the court to arrest and file criminal charges against Gillingham for theft and to order her to return the phone. *Id.* Even were this court to agree that Gillingham committed a crime, Ingram's motion will be denied because the court lacks authority to initiate a criminal prosecution and because a claim sounding in tort for the conversion of personal property, or any other viable cause of action to obtain a remedy for Gillingham's alleged wrong, is not properly before the court. *See Benedict v. Eau Claire Area Sch. Dist.*, No. 08-cv-667-slc, 2009 WL 440911, at *1 (W.D. Wis. Feb. 23, 2009); *see also Almond v. Pollard*, No. 14-cv-901-pp, 2015 WL 1966711, at *6 (E.D. Wis. Apr. 29, 2015) ("[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying law suit and deals with a matter presented in that underlying suit.").

Next, Ingram has filed two motions for injunctive relief. In the first motion, Ingram again asks the court for the release of the allegedly stolen cell phone to its owner and that the court "file criminal charges on defendant." ECF No. 16 at 2. These requests are denied for the reasons previously stated. Ingram also requests that the court grant him time served on probation, release him from custody, and remove all defendants and Schwartz from involvement in his probation case. The motion also notes that Gillingham put him on "another P.O. hold" on March 7, 2019. Ingram's second motion requests that Gillingham be removed from involvement in his probation case.

These motions will be denied because they relate to Ingram's most recent confinement rather than to the underlying claims in this suit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Ingram's underlying claims relate to the defendants' conduct in November of 2018, and although his new assertions may support separate claims against the same individuals, they cannot provide the basis for injunctive relief in this action. *See id.*

Ingram's last two motions request that the court stay the case pending Ingram's release from Fond du Lac County Jail. The decision to grant a motion to stay proceedings is within the district court's discretion, and such a power is incidental to the inherent power in every court to control its docket given considerations of judicial economy and of the burden on the court and parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Veltze v. Bucyrus-Erie Co.*, 791 F. Supp. 1363, 1365 (E.D. Wis. 1992). Ingram claims that he "has no legal documents in [Fond du Lac County] Jail to send discovery, motion [sic] summary judgment or any other legal proceedings documents to support claim." ECF No. 23. Ingram does not allege that he lacks basic scribe materials for the preparation of legal papers, *see Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995), but rather that he does not have access to certain documents that he believes are necessary for him to meaningfully participate in this case. But Ingram does not specify what documents he is missing and why they are necessary for prosecuting his claims. Without this information, the court cannot determine whether granting a stay is appropriate. Ingram's motions to stay will therefore be denied.

**IT IS THEREFORE ORDERED** that Ingram's motions to amend pleadings (ECF No. 15), for arrest warrant and return of property (ECF No. 17), for injunctive relief (ECF Nos. 16, 21), and to stay (ECF Nos. 22, 23) are **DENIED**.

Dated this   5th   day of April, 2019.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court