# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARNELL INGRAM,

    Plaintiff,

v.                                            Case No. 19-C-34

ALEESHA GILLINGHAM, et al.,

    Defendants.

**ORDER**

Plaintiff Darnell Ingram, an inmate at Dodge Correctional Institution who is representing himself, filed this civil action on January 4, 2019, alleging that, in November 2018, probation agents searched his cell phone without authorization and fabricated documents in order to have him confined in Fond du Lac County Jail. The court screened the complaint and allowed Ingram to proceed on Fourth and Fourteenth Amendment claims. Ingram has since filed motions for leave to file a subsequent amendment, for injunctive relief, and for criminal action. Dkt Nos. 32–34. For the reasons that follow, each of these motions will be denied.

Ingram's first motion seeks leave to file a "subsequent amendment." Dkt. No. 32. Ingram's motion runs afoul of the court's local rule governing amendments to pleadings, which requires that a motion to amend "state specifically what changes are sought by the proposed amendments" and attach the proposed amended pleading. Civil L.R. 15(b) (E.D. Wis.). For this reason Ingram's motion will be denied. *See Bradshaw Med., Inc. v. MedTorque, Inc.*, No. 16-CV-420, 2017 WL 5068427, at *2 (E.D. Wis. July 31, 2017) (denying without prejudice motion for leave to amend complaint for failure to comply with Civil Local Rule 15(b)). Further, the allegations in Ingram's

motion solely concern conduct that occurred in March and May 2019, without mention of the November 2018 conduct complained of in the operative complaint. *See* Dkt. Nos. 1, 32. Because an amended pleading supersedes the prior pleading and must be complete in itself, *see Duda v. Board of Education of Franklin Park Public School District Number 84*, 133 F.3d 1054, 1057 (7th Cir. 1998), Ingram's proposed amendment would restart the clock on this action and effectively commence a new lawsuit. In the event that Ingram merely sought to supplement his already existing claims, he must be aware that amending a pleading in effect withdraws all matter in the prior pleading that are not restated in the amended pleading. *Id.*

Ingram's second motion seeks injunctive relief. Ingram's motion complains of Aleesha Gillingham's March 4, 2019 investigation of a probation rule violation through contacting Ingram's ex-wife. The motion also alleges that all defendants conspired to interfere with Ingram's civil rights when they illegally searched and seized his cell phone on March 7, 2019 and caused his subsequent placement in Fond du Lac County Jail. The allegations in this motion mirror those set forth in Ingram's past motions for preliminary injunctive relief. *See* Dkt. Nos. 16, 21. Ingram's past motions were denied because they complained of matters other than those presented in the underlying suit. *See* Dkt. No. 24; *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Almond v. Pollard*, No. 14-cv-901-pp, 2015 WL 1966711, at *6 (E.D. Wis. Apr. 29, 2015). The present motion fails for the same reason, as the motion concerns matters other than the November 2018 conduct at issue in the original complaint. The motion separately fails for failure to show that irreparable harm is likely absent issuance of injunctive relief. *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044–45 (7th Cir. 2017).

The final motion, labeled a "Motion for Criminal Action," Dkt. No. 34, requests that the court impose penalties on the defendants for their alleged violations of 18 U.S.C. §§ 241 and 242. The statutes Ingram cites are criminal statutes, meaning Ingram is asking the court to initiate a criminal action against the defendants. Ingram's motion will be denied because the court lacks the authority to do so. *See Benedict v. Eau Claire Area Sch. Dist.*, No. 08-cv-667-slc, 2009 WL 440911, at *1 (W.D. Wis. Feb. 23, 2009); *Spears v. Wisconsin*, No. 07-C-218-S, 2007 WL 5555944, at *1 (W.D. Wis. Apr. 24, 2007); Fed. R. Crim. P. 7(c)(1).

**IT IS THEREFORE ORDERED** that Ingram's motions for leave to file subsequent amendment (Dkt. No. 32), for injunctive relief (Dkt. No. 33), and for criminal action (Dkt. No. 34) are **DENIED**.

Dated this  11th  day of July, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court